# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DISTRICT (at Cincinnati)

PLAINTIFFS LISTED IN
ATTACHED EXHIBIT A )

    Plaintiffs )

v. )

Hon. MAUREEN O'CONNOR, )
in her official capacity as )
Chief Justice of the Supreme )
Court of the State of Ohio, )

SERVE: Diane Hayes, )
        Judicial Assignment )
        Specialist, Office of )
        Judicial Services, )
        65 South Front Street )
        Sixth Floor )
        Columbus, OH 43215 )

and )

Hon. TERRENCE O'DONNELL, )
    in his official capacity as a )
    Justice of the Supreme )
    Court of the State of Ohio, )

SERVE: Diane Hayes, )
        Judicial Assignment )
        Specialist, Office of )
        Judicial Services, )
        65 South Front Street )
        Sixth Floor )
        Columbus, OH 43215 )

and )

Hon. SHARON L. KENNEDY, )
    in her official capacity as a )
    Justice of the Supreme )
    Court of the State of Ohio, )

CIVIL ACTION NO. _____

(Judge _____)

**VERIFIED COMPLAINT FOR
FOR DECLARATORY AND
INJUNCTIVE RELIEF, COSTS, AND
ATTORNEY FEES FOR
CONSTITUTIONAL VIOLATIONS**

SERVE: Diane Hayes, )
Judicial Assignment )
Specialist, Office of )
Judicial Services, )
65 South Front Street )
Sixth Floor )
Columbus, OH 43215 )
)
)
and )
)
Hon. JUDITH L. FRENCH, )
in her official capacity as a )
Justice of the Supreme )
Court of the State of Ohio, )
)
SERVE: Diane Hayes, )
Judicial Assignment )
Specialist, Office of )
Judicial Services, )
65 South Front Street )
Sixth Floor )
Columbus, OH 43215 )
)
and )
)
Hon. PATRICK F. FISCHER, )
in his official capacity as a )
Justice of the Supreme )
Court of the State of Ohio, )
)
SERVE: Diane Hayes, )
Judicial Assignment )
Specialist, Office of )
Judicial Services, )
65 South Front Street )
Sixth Floor )
Columbus, OH 43215 )
)
and )
)
Hon. R. PATRICK DeWINE, )
in his official capacity as a )
Justice of the Supreme )
Court of the State of Ohio, )
)

SERVE: **Diane Hayes,** )
**Judicial Assignment** )
**Specialist, Office of** )
**Judicial Services,** )
**65 South Front Street** )
**Sixth Floor** )
**Columbus, OH 43215** )
)
**and** )
)
**Hon. MARY DeGENARO,** )
**in her official capacity as a** )
**Justice of the Supreme** )
**Court of the State of Ohio,** )
)
SERVE: **Diane Hayes,** )
**Judicial Assignment** )
**Specialist, Office of** )
**Judicial Services,** )
**65 South Front Street** )
**Sixth Floor** )
**Columbus, OH 43215** )
)
**and** )
)
**THE HONORABLE MARK R.** )
**SCHWEIKERT,** )
**in his official capacity as Special** )
**Judge of the Hamilton County Court** )
**of Common Pleas,** )
**Hamilton County Courthouse** )
**1000 Main Street, Courtroom 310** )
**Cincinnati, OH 45202** )
)
**Defendants** )

Plaintiffs Frieda Aaron, Patricia Adams, Michelle Agee, Jimmy Allen, Katrina

Allen, Sherry Lynn Allen, Rebecca Applegate, Brad Arnold, George Arnold, Diana

Ashcraft, Brian Atkins, Jonathan Atwell, Thomas Augst, Amanda Ayres, Gayle

Bachmann, Caidan Bailey, Nicole Baker, Paul Baker, Jennifer Ballinger, Cindy Bartlett,

Kimberly A Bates, as Administratrix of the Estate of Tony Falkner, Deceased, Laura

Batsche, Nicholas Battista, Joseph Baumgardner, Steven Bayliss, as Executor of the

3

Estate of Louise Bayliss, Deceased, Michelle Beavan, Phyllis Bechtold, Judy Beck, Troy Beckelhimer, Nancy Begley, Cathy Beil, Terry Beil, Mackenzie Bender, Denise Benge, Nicholas Benge, Antoinette Benjamin, Shawnda Benton, William Benton, Denise Bess, Leona Beyer, Trey Billing, Edythe Bishop, Anthony Bode, Kaitlyn Boggs, Paul Boggs, as Administrator of the Estate of Barbara Boggs, Deceased, Jennifer Bookman, Patricia Boone, Deena Borchers, Doris Botner, Gerald Botner, Arletta Bowling, Nancy Bowman, Penny Brackett, Latoya Bradshaw, Christina Brashear, Melissa Braucher, Dominique Bray, Lindsey Bray, Rebecca Breitenstein, Randal Brewer, Sharon Brice, Michael Brophy, Richard Brorein, as Executor of the Estate of Eileen Brorein, Deceased, James Brown, Jonathan Brunner, Kayla Burton, Vicki Buschur, Kathleen Bushelman, Annette Buskirk, Brenda Butler, Michele Byar, Douglas Callahan, Patrick Calligan, Jan Campbell, Robert Campbell, Andrew Carr, Bunnavuth Chhun, Tonya Chisman, Chris Clark, Jessica Cochran, John Collins, Elizabeth Compo, David Conger, Kenneth Conger, Brenda Conley, Dana Conley, Michael Cook, Gary Coots, Jacob Cotter, Sandra Couch, as Administratrix of the Estate of Jackie Couch, Deceased, Eric Courtney, Michael Crail, Karen Crissinger, Carrie Crowe, Forrest Crowe, Carrie Crowe, Forrest Crowe and Carrie Crowe, as Next Friend of their Minor Daughter, K.C., Joi Crowe, Joy Cullins, Kathryn Curley, William Dabney, Tammy Dale, Joseph Davis, Nellie Davis, Ralph Dawson, Ollie Deaton, Stefanie Deaton, Damon Deck, Sandra Dennis, Robert Densler, Kristine Dority, Carolyn Dotson, Deborah Doyle, Douglas Drafts, Patrick Dugan, Billy Dugger, Dawn Dunklin, Jacob Durham, Darrell Earls, Mona Eder, Kevin Elfers, Richard Elliott, Brenda Errgang, Tracy Esselman, Arlene Fait, Linda Favaron, as Executrix of the Estate of Neil Favaron, Deceased, Jacob Feltner, Karen Feltner, Caela Finnell, Troy Fite, Francine Ford, Shamyia Ford, Lennie Fossett, Amanda Franks, Joann Frazier, Julie Freeman,

Judith Gardner, Christine Geralds, Mary Gerbus, as Administratrix of the Estate of Lois

Hughes, Deceased, Erma Jean Gilbert, Christina Goldstein, Donna Good, Greg Graber,

Maurice Grabow, Erin Greelish, Gloria Greene, Robbie Gregory, Carla Griessman, Susan

Griffin, Jenny Grimm, Melissa Habermehl, Lenora Haggard, Taura Halbert,

Individually and as Next Friend of her Minor Son, P.H., Lynn Haley, Alyssa Hall, David

Hall, Administrator of the Estate of Lisa Hall, Deceased, Ruhama Hall, Dorothea

Hamilton, Samantha Hamilton, William Hamilton, Courtney Hammons, Ryan Handorf,

Timothy Hannon, Adam Hartman, Kevin Hartness, Jessica Hastings, Wayne Hatfield,

Stephanie Hawks, as Executor of the Estate of Nancy Boland, Deceased, Douglas Hayes,

Executor of the Estate of William Hayes, Deceased, Emily Haynes, Minuet Healy, Denise

Helton, Evelyn Helton, Debra Henderson, Kelly Hennessy, Barbara Hensley, Ryan

Hensley, Emily Herbert, Kathy Hersley, Karen Higginbothan, Alissa Hightchew, Michael

Hillard, Dirk Hitchcock, Celeste Hoffman, Cathy Holley, Administratrix of the Estate of

Linda Kallmeyer-Ward, Deceased, Loretta Hon, Chelsea Hortman, Robert Houghton, II,

Ricky Hounchell, Rita Hounchell, Kathryn Howell, Tammy Hughes, Kevin Hunley,

Carolyn Hursong, David Huser, Martha Hutton, Irene Hyde, Elsa Ieraci, Melvin James,

as Administrator of the Estate of Carrie Britten, Deceased, Tracy Janson, Kimberly

Jenkins, Stephanie Jobe, Amber Johnson, Chelsea Johnson, Karen Johnson, Roger

Johnson, Sara Jonas, Joan Jones, Rachel Jones, Tammy Jones, Jacqueline Judkins,

Individually and as Administratrix of the Estate of Phyllis Judkins, Deceased, Joshua

Kauffman, Katelyn Kauffman, Michelle Keplinger, Martha Kibler, Deborah Kidd,

Charlotte King, Maggie Knauer, Individually and as Administrator of the Estate

of Christopher Knauer, Deceased, Amanda Koch, Rose Koehler, Shannon Koehler,

Mike Koelblin, Valarie Kopp, Shelia Pogue Krabacher, Larry Krech, Brandon Lacinak,

Natasha Lainhart, Maurine Langford and Lyndon Langford, Individually and as Next Friend of their Minor Son, N.L., Tom Lantry, Patricia Legendre, Karen Leger, Beth Leisring, Sandra Lemmel, Ailene Levan, Adrian Lilly, Derek List, Lynne List, Tammie Little, Tammie Little, Richard Lozier, as Executor of the Estate Patricia Bruce, Deceased, Rhonda Mains, Shirley Mains, Vicky Mains, Tammy Mann, Jack Marcheschi, Marsha Martin, Stacy John Martin, Robert Masters, Brandon Mathis, Traci Matthews, Donald Mauntel, as Next Friend of his Minor Child, M.M., Kimberly Mayer, Derek Mayfield, James McCain, Jenna McCall, Heather McCann, Christopher McCaughey, as Administrator of the Estate of Margaret Dailey, Deceased, Kyra McClendon, Barbara McClure, as Executrix of the Estate of Robert Ellington, Deceased, Barbara McClure, as Executrix of the Estate of Connie McClure-Ellington, Deceased, Stacy Fletcher, as Executrix of the Estate of Jeffrey McClure, Deceased, Kevin McDonald, Marcella McDonald, Grant McKenney, Candi McKinney, Tyler McKnight, Teresa McMillen, Mark McMurren, Kameron McNeal, Kerry McNeal, Tonia McQueary, Tiffany Meadows, Dawn Merland, Tiffany Messerschmidt, Randall Metcalf, Diane Meyer, Thomas Meyers, Lyndsey Middendorf, Karen Miller, Ryan Miller, Samantha Mink, Vera Moffitt, Billie Moore, Donald Moore, Stephanie Moore, Robert Moore, Tim Moore, Sherri Puckett Morrissette, Robert Mounce, Sarra Mueller, Jennifer Myers, Joetta Nafe, Tonya Neal, Charles Nelson, Marjorie Newman, Teresa Nichols, Rahman Nisbett, Michelle Noble, Ruvimbo Nyemba, Wendy Oberlander, Michael Odulana, Timothy Osborn, Dannie Mae Owens, Haley Payne, Jeff Peddicord, Duane Pelfrey, Angela Pennington, Nancy Pfetsch, as Executrix of the Estate of Kenneth Pfetsch, Deceased, Clarence Phillips, Heather Pickett, Jeff Potts, Antoine Powell, Bryan Powers, Leslie Powers, as Administrator of the Estate of Heather Heffner, Katie Prater, Heather Schuster, as Executrix of the Estate of

Lawrence Pridemore, Deceased, Tom Pritchard, as Administrator of the Estate of
Sharon Pritchard, Deceased, Carol Pummell, James Pumpelly, Misty Emerson, as
Administrator of the Estate of Marcia Quinn, Deceased, Sandra Radeke, Margaret
Radenheimer, Mary Ravenscraft, Todd Ray, Samantha Redrow, Danielle Reed, Mark
Reed, Jean Fenner, Executor of the Estate of Juanita Jane Reeder, Deceased, Valerie
Reeves, Holly Reifenberger, Jeffrey Remley, Derrill Reynolds, Harry Reynolds, Kent
Reynolds, II, Lisa Reynolds, Jordon Ribariu, John Richardson, Jason Riley, Gordon
Rister, as Administrator of the Estate of Donna Rister, Deceased, Deborah Roark, Kelly
Robinson, Debbie Rodriguez, Jason Romer, Dorothy Rose, Sandra Roundtree, Ronald
Rowley, Stephen Carmen, as Administrator of the Estate of Kathrynn Rueve, Deceased,
Robert Runtz, Joe Rutter and Christine Rutter, as Next Friends of their Minor Child,
C.R., Mike Sand, Chris Scheper, Robin Schiller, Joseph Schimmel, Kim Schmidt, Kevin
Schmit, Patrick Schmit, Susan Schock, Steven Andrew Schultz, Timothy Schulze, Ronald
Schuster, Delores Scott, Rhonda Scott, Ali Scully, Ruthie Sears, Dana Setters, Glenna
Shafer, Asia Shannon, Charlann Shepherd, Patricia Shott, as Executrix of the Estate of
Gregory Shott, Deceased, Michelle Sizemore, Heather Slayback, Haley Warren, as
Administrator of the Estate of Crystal Slone, Deceased, Donna Smallwood, David Smith,
Donald Smith, Orris Smoote, David Snider, Sherrie Spangenberg, Billy Spivy, Eddie
Stallings, David Fisher, as Administrator of the Estate of Michelle Stephens, Deceased,
Patrick Stephenson, Deon Stigall, Jr., Sierra Stratman, Ryan Tackett, Ryan Tanner, Alex
Taylor, Karen Taylor, Ben Thaeler, Brian Thien, Edward Thiessen, Adrienne Thomas,
Connie Underwood, Kimberly Underwood, Jacklen Upchurch, Jordan Vance, Shannon
Wallace, Vicki Wallace, Katherine Walls, Lindsay Walsh, Tracey Walsh, Michelle
Walters, Helen Ward, Michael Watkins, Elaine Waxler, Daniel Webber, Cathleen Weber,

Brandon Webster, Laura Weisbecker, Kirstin Weisman, Regina Wesley, Timothy Whalen, Violet Whalen, Lonnie Wheeler, Sophia White, Joseph Wilder, as Administrator of the Estate of Tamathy Wilder, Deceased, Troy Wilder, Benjamin Williams, Kelly Williams, Patrick Willoughby, Carol Wilson, Jetton Wilson, Alisa Wilson, Individually and as Next Friend of her Minor Child, J.W., Paul Wilson, Paula Wilson, Robert Wilson, Terry Wilson, Vicky Wilson, Dawn Wingert, Priscilla Wittmeyer, Bill Wolder, Billy Wolsing, Theresa Ann Robinson Woods, Carla Wooten, Amber Work, Deborah Worley, as Executrix of the Estate of Fay Rosebery, Deceased, Teresa Worley, Cory Wright, Leah Wright, Cheryl Wyatt, Veronica Yeakle, Evelyn Young, JoAnn Young, Keith Young, Corrine Zachry, Mary Zureick, and Hannah Zymslo (collectively, the "Plaintiffs" listed at Exhibit A hereto), by and through counsel, (collectively, the "Plaintiffs"), by and through counsel, for their *Verified Complaint for Declaratory and Injunctive Relief, Costs, and Attorney Fees for Constitutional Violations* (the "Complaint") against defendant Hon. Maureen O'Connor in her official capacity of the Chief Justice of the Supreme Court of the State of Ohio (the "Chief Justice"), defendants Hon. Terrance O'Donnell, Hon. Sharon L. Kennedy, Hon. Judith L. French, Hon. Patrick F. Fischer, Hon. R. Patrick DeWine, and Hon. Mary DeGenaro, in their respective official capacities as Justices of the Supreme Court of the State of Ohio (collectively, the "Justices"), and Hon. Mark R. Schweikert, in his official capacity as Special Judge of the Hamilton County Court of Common Pleas ("Judge Schweikert"), state and allege as follows:

## INTRODUCTION

1.     This is an action involving the threatened deprivation of Plaintiffs'
Fourteenth Amendment right to Due Process by the official capacity Defendants named
herein.  Specifically, this action challenges the constitutionality of subsection (D)(4) of
section 2701.03 of the Revised Code of the State of Ohio, insofar as this subsection: (i)
unduly impairs their constitutional right to a fair trial of their civil actions before a fair
tribunal that is free from unconstitutional bias, the partiality to bias, or prejudgment,
(ii) authorizes a judge who is subject to two or more duly-filed Affidavits of
Disqualification pursuant to R.C. 2701.03(A) and (B) to continue presiding over a
proceeding prior to the entry of a ruling on the subsequently-filed Affidavits of
Disqualification by the Chief Justice or her designee – regardless of unconstitutionally
egregious conduct of the judge, and (iii) applies to civil actions in which Judge
Schweikert's disqualification is sought under R.C. 2701.03(A) and (B) in the Plaintiffs
Cases (as defined below) and in which R.C. 2701.03(D)(4) authorizes him to continue
presiding over them merely because an initial Affidavit of Disqualification was denied by
the Chief Justice and additional Affidavits of Disqualification were filed based upon
subsequently-obtained facts and argument.  This action seeks injunctive and declaratory
relief under 42 U.S.C. §1983, and costs and attorney fees under 42 U.S.C. §1988, if
applicable.

2.     **This action is being filed as a new case because there is no time
to amend the existing action in this Court (*Aaron v. O'Connor*, Civil Action
No. 1:18-cv-00139) and this challenge presents different issues.  This case
can be consolidated later if the need arises.  This case requires the Chief**

**Justice, the Justices, and Judge Schweikert as defendants. The other does
not.**

## PARTIES

3. At all pertinent times, most of the Plaintiffs listed in attached Exhibit A
hereto were citizens of either the State of Ohio or the Commonwealth of Kentucky,
although some Plaintiffs are citizens of other states throughout the United States of
America.

4. At all pertinent times, the Chief Justice was the duly elected and serving
Chief Justice of the Supreme Court of the State of Ohio, and the Justices were the duly
elected or appointed and serving Justices of the Supreme Court of the State of Ohio.
Each of these Defendants is a citizen of the State of Ohio and is sued in their respective
official capacities. The Chief Justice and the Justices are authorized to, among other
things, issue writs of prohibitions to lower courts when they act beyond their
jurisdiction under their original jurisdiction at Section 2(B)(1)(d) of Article IV of the
Ohio Constitution.

5. At all pertinent times, Judge Schweikert was a Judge of the Hamilton
County Court of Common Pleas serving in Plaintiffs Cases (as defined below) by special
assignment of the Chief Justice. Judge Schweikert is sued in his official capacity.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction over the claims and causes of action asserted
by Plaintiffs in this action is conferred on this Court pursuant to 42 U.S.C. §1983, 28
U.S.C. §1331, 28 U.S.C. §1343, and other applicable law.

7. Venue in this District and division is proper, pursuant to 28 U.S.C. §1391
and other applicable law, because all of the deprivations of Plaintiffs' constitutional

rights occurred in Hamilton County, Ohio, and future deprivations of their

constitutional rights are threatened and likely to occur within this District.

## FACTS COMMON TO ALL CLAIMS

8.     Section 2701.03 of the Revised Code of the State of Ohio, entitled *Affidavit*

*of disqualification of judge of common pleas court for prejudice; procedure;*

*replacement,* provides as follows:

(A)   If a judge of the court of common pleas allegedly is interested in a
proceeding pending before the court, allegedly is related to or has a bias or
prejudice for or against a party to a proceeding pending before the court or
a party's counsel, or allegedly otherwise is disqualified to preside in a
proceeding pending before the court, any party to the proceeding or the
party's counsel may file an affidavit of disqualification with the clerk of the
supreme court in accordance with division (B) of this section.

(B)   An affidavit of disqualification filed under section 2101.39, 2501.13,
2701.031, or 2743.041 of the Revised Code or division (A) of this section
shall be filed with the clerk of the supreme court not less than seven
calendar days before the day on which the next hearing in the proceeding
is scheduled and shall include all of the following:

(1)   The specific allegations on which the claim of interest, bias,
prejudice, or disqualification is based and the facts to support each
of those allegations or, in relation to an affidavit filed against a
judge of a court of appeals, a specific allegation that the judge
presided in the lower court in the same proceeding and the facts to
support that allegation;

(2)   The jurat of a notary public or another person authorized to
administer oaths or affirmations;

(3)   A certificate indicating that a copy of the affidavit has been served
on the probate judge, judge of a court of appeals, judge of a court of
common pleas, judge of a municipal or county court, or judge of the
court of claims against whom the affidavit is filed and on all other
parties or their counsel;

(4)   The date of the next scheduled hearing in the proceeding or, if there
is no hearing scheduled, a statement that there is no hearing
scheduled.

(C) (1) Except as provided in division (C)(2) of this section, when an affidavit of disqualification is presented to the clerk of the supreme court for filing under division (B) of this section, all of the following apply:

    (a) The clerk of the supreme court shall accept the affidavit for filing and shall forward the affidavit to the chief justice of the supreme court.

    (b) The supreme court shall send notice of the filing of the affidavit to the probate court served by the judge if the affidavit is filed against a probate court judge, to the clerk of the court of appeals served by the judge if the affidavit is filed against a judge of a court of appeals, to the clerk of the court of common pleas served by the judge if the affidavit is filed against a judge of a court of common pleas, to the clerk of the municipal or county court served by the judge if the affidavit is filed against a judge of a municipal or county court, or to the clerk of the court of claims if the affidavit is filed against a judge of the court of claims.

    (c) Upon receipt of the notice under division (C)(1)(b) of this section, the probate court, the clerk of the court of appeals, the clerk of the court of common pleas, the clerk of the municipal or county court, or the clerk of the court of claims shall enter the fact of the filing of the affidavit on the docket of the probate court, the docket of the court of appeals, the docket in the proceeding in the court of common pleas, the docket of the proceeding in the municipal or county court, or the docket of the proceeding in the court of claims.

(2) The clerk of the supreme court shall not accept an affidavit of disqualification presented for filing under division (B) of this section if it is not timely presented for filing or does not satisfy the requirements of divisions (B)(2), (3), and (4) of this section.

(D)(1) Except as provided in divisions (D)(2) to (4) of this section, if the clerk of the supreme court accepts an affidavit of disqualification for filing under divisions (B) and (C) of this section, the affidavit deprives the judge against whom the affidavit was filed of any authority to preside in the proceeding until the chief justice of the supreme court, or a justice of the supreme court designated by the chief justice, rules on the affidavit pursuant to division (E) of this section.

(2) A judge against whom an affidavit of disqualification has been filed under divisions (B) and (C) of this section may do any of the following that is applicable:

(a)    If, based on the scheduled hearing date, the affidavit was not timely filed, the judge may preside in the proceeding.

(b)    If the proceeding is a domestic relations proceeding, the judge may issue any temporary order relating to spousal support pendente lite and the support, maintenance, and allocation of parental rights and responsibilities for the care of children.

(c)    If the proceeding pertains to a complaint brought pursuant to Chapter 2151. or 2152. of the Revised Code, the judge may issue any temporary order pertaining to the relation and conduct of any other person toward a child who is the subject of a complaint as the interest and welfare of the child may require.

(3)    A judge against whom an affidavit of disqualification has been filed under divisions (B) and (C) of this section may determine a matter that does not affect a substantive right of any of the parties.

(4)    If the clerk of the supreme court accepts an affidavit of disqualification for filing under divisions (B) and (C) of this section, if the chief justice of the supreme court, or a justice of the supreme court designated by the chief justice, denies the affidavit of disqualification pursuant to division (E) of this section, and if, after the denial, a second or subsequent affidavit of disqualification regarding the same judge and the same proceeding is filed by the same party who filed or on whose behalf was filed the affidavit that was denied or by counsel for the same party who filed or on whose behalf was filed the affidavit that was denied, the judge against whom the second or subsequent affidavit is filed may preside in the proceeding prior to the ruling of the chief justice of the supreme court, or a justice designated by the chief justice, on the second or subsequent affidavit.

(E)    If the clerk of the supreme court accepts an affidavit of disqualification for filing under divisions (B) and (C) of this section and if the chief justice of the supreme court, or any justice of the supreme court designated by the chief justice, determines that the interest, bias, prejudice, or disqualification alleged in the affidavit does not exist, the chief justice or the designated justice shall issue an entry denying the affidavit of disqualification. If the chief justice of the supreme court, or any justice of the supreme court designated by the chief justice, determines that the interest, bias, prejudice, or disqualification alleged in the affidavit exists, the chief justice or the designated justice shall issue an entry that disqualifies that judge from presiding in the proceeding and either order that the proceeding be assigned to another judge of the court of which the

13

disqualified judge is a member pursuant to the court's random assignment process, to a judge of another court, or to a retired judge.

9.     Plaintiffs presently have pending approximately 528 cases in the federal and state courts located within Hamilton County, Ohio asserting fraud, medical malpractice claims, and other claims and causes of action against Abubakar Atiq Durrani, M.D. ("Dr. Durrani") and his former medical practice group, Center for Advanced Spine Technologies, Inc. ("CAST"). Many of the Plaintiffs also assert claims in those actions against the surgical centers where Dr. Durrani and CAST committed fraud, medical malpractice, and other wrongs against them; to wit, Cincinnati Children's Hospital Medical Center, The Christ Hospital, Good Samaritan Hospital, Journey Lite, Riverview and West Chester Medical Center/UC Health.

10.    Plaintiffs' cases in the state courts are pending in the Hamilton County Court of Common Pleas according to the case number that correspond to each Plaintiffs' name at Exhibit A hereto (collectively, the "Plaintiffs Cases"). The presiding judge in the Plaintiffs Case is Judge Schweikert. He was specially assigned to preside over the Plaintiffs Cases by the Chief Justice.

11.    Several Affidavits of Disqualification were duly filed on behalf of Plaintiffs against Judge Schweikert, each setting forth separate grounds for his disqualification in the Plaintiffs' Cases. Four of the Affidavits of Disqualification are presently pending for decision before the Chief Justice.

12.    Various material irregularities became readily apparent in Judge Schweikert's administration and management of the Plaintiffs Cases. These irregularities rose to the level of bias, the partiality to bias, or prejudgment of Plaintiffs

14

Cases in favor of Dr. Durrani, CAST, and the hospitals and surgical centers, and against Plaintiffs.

13. Plaintiffs formally requested Judge Schweikert to self-recuse or disqualify himself from further participation in the Plaintiffs Cases as the presiding judge because of his demonstrable bias, partiality to bias, and prejudgment of Plaintiffs Cases against them. Judge Schweikert denied Plaintiffs' request for recusal.

14. Thereafter, fifteen individual Affidavits of Disqualification regarding Judge Schweikert were timely filed on behalf of Plaintiffs with the Clerk of the Ohio Supreme Court (the "Clerk") pursuant to R.C. 2701.03(A) and (B). Each Affidavit was filed as soon as possible to show new facts and allegations as they were discovered to demonstrate the bias, partiality to bias, or prejudgment that Judge Schweikert has against Plaintiffs. Each new Affidavit may have referenced factual matters within earlier Affidavits to provide context; however, each of them was not filed with the Clerk merely to provide redundant claims of bias, prejudice, prejudgment of the Plaintiffs Cases, or partiality to bias by Judge Schweikert.

15. Plaintiffs petitioned the Chief Justice to disqualify Judge Schweikert from further participation in the Plaintiffs Cases pursuant to R.C. 2701.03(A) and (B). The statutory process provides for a judge facing an Affidavit of Disqualification to respond to the matters specified within the Affidavit. The Chief Justice on six separate Affidavits of Disqualification has not required Judge Schweikert to respond to the factual matters set forth within the Affidavits. These matters include:

A. Judge Schweikert having had *ex parte* communications with the defense attorneys in Plaintiffs' cases while serving as the presiding judge.

B.    Judge Schweikert's wife is either a registered nurse employed by a presently unknown doctor or hospital that is readily capable of being connected to the defendants in Plaintiff's cases.

C.    Judge Schweikert having said publically during a social engagement that Plaintiffs' cases are a "pain in his ass."

D.    Judge Schweikert set numerous sets of three trials for the same day with plans to only try one of them on that day. That forces Plaintiffs and others to prepare for three trials when only one will actually be tried. The defense law firms are paid by the hour and have the staff to accommodate this directive, whereas Plaintiffs' counsel does not. Judge Schweikert rejected this disparity in setting trials.

E.    Judge Schweikert stated he would consult with Hon. Guy Guckenberger on Plaintiffs' cases. Judge Guckenberger is a previously-recused judge in the cases before him.

F.    Nevertheless, Judge Schweikert stated he did not care what rulings had been made by the prior presiding judges during the last four years.

G.    Judge Schweikert refuses to sanction Dr. Durrani for his conduct, which directly enhances the surgical centers' defensive positions in the Plaintiffs Cases.

H.    Judge Schweikert denied the grant of Plaintiffs motions to amend their complaints prior to the start of any discovery.

I.    Judge Schweikert, after claiming that he relied upon the legislative history of a statute in making a decision, ignored the very legislative history that is favorable to Plaintiffs.

J.      On February 28, Judge Schweikert signed a series of decisions in several of the Plaintiffs Cases adverse to Plaintiffs and entered them on March 1, 2018, with the Hamilton County Clerk of Court's office knowing there were at least two Affidavits of Disqualification pending against him before the Chief Justice. The Plaintiffs involved with these improvidently entered decisions are now required to appeal them the Court of Appeals of Ohio for the First District – appeals that they should not have been required to file. Judge Schweikert's acts are subjects of new requests to the Chief Justice to disqualify Judge Schweikert from further participation in the Plaintiffs Cases.

16.      Other judges presiding in some of the other cases involving Dr. Durrani, CAST, and the various surgical centers have recused themselves over allegations that are far less serious than those directed to Judge Schweikert. For example, Hon. Steven Martin recused himself because he is a chaplain at The Christ Hospital. Further, Judge Guckenberger recused himself arising from his handling of *ex parte* emails from Dr. Durrani's counsel, Michael Lyon, Esq.

17.      The Chief Justice has dispensed with eleven of the Affidavits of Disqualification pursuant to R.C. 2701.03(E). Nevertheless, to date, the Chief Justice refuses to disqualify Judge Schweikert as the presiding judge in Plaintiffs' cases.

18.      On February 22, 2018, the Twelfth Affidavit of Disqualification was filed with the Clerk on behalf of Plaintiffs, pursuant to R.C. 2701.03(A) and (B). A true and accurate copy of the Twelfth Affidavit of Disqualification is attached hereto as Exhibit B and is incorporated by reference. The Chief Justice has not yet decided the Twelfth Affidavit of Disqualification.

17

19.     On February 28, 2018, the Thirteenth Affidavit of Disqualification was filed with the Clerk on behalf of Plaintiffs, pursuant to R.C. 2701.03(A) and (B). A true and accurate copy of the Thirteenth Affidavit of Disqualification is attached hereto as Exhibit C and is incorporated by reference. The Chief Justice has not yet decided the Thirteenth Affidavit of Disqualification.

20.     On March 3, 2018, the Fourteenth Affidavit of Disqualification was filed with the Clerk on behalf of Plaintiffs, pursuant to R.C. 2701.03(A) and (B). A true and accurate copy of the Fourteenth Affidavit of Disqualification is attached hereto as Exhibit D and is incorporated by reference. The Chief Justice has not yet decided the Fourteenth Affidavit of Disqualification.

21.     On March 15, 2018, the Fifteenth Affidavit of Disqualification was filed with the Clerk on behalf of Plaintiffs, pursuant to R.C. 2701.03(A) and (B). A true and accurate copy of the Fifteenth Affidavit of Disqualification is attached hereto as Exhibit E and is incorporated by reference. The Chief Justice has not yet decided the Fifteenth Affidavit of Disqualification.

22.     As noted above, after the filing of at least two Affidavits of Disqualification, on Thursday, March 1, 2018, Judge Schweikert entered decisions and orders in a few of the Plaintiffs Cases against Plaintiffs that reflect his bias, partiality to bias, and prejudgment against them. Had Judge Schweikert not been able to preside over the Plaintiffs Cases upon the filing of two or more Affidavits of Disqualification in the manner provided at subdivision (D)(1) of R.C. 2701.03, he would not have had jurisdiction to enter his adverse decisions on March 1, 2018.

23.     It is obvious Judge Schweikert made a mistake on March 1, 2018, when he entered his decisions. He had been on a cruise the preceding week, per court staff.

Judge Schweikert returned from vacation, saw the Chief Justices' decision on eleven of the Affidavits of Disqualification and apparently thought it is over. For whatever reason, Judge Schweikert apparently did not realize that other Affidavits of Disqualification had been filed with the Clerk.

24.     As soon as Plaintiffs' counsel at Deters Law learned of the entry of the adverse decisions, Judge Schweikert's secretary and his lawyers were notified by email that these were unlawful. Crickets. The emails were ignored. All phone calls were also ignored.

25.     There was NEVER an email or Order or announcement by Judge Schweikert that he was moving forward under subsection D(4) of R.C. 2701.03. Neither on the day of entry nor the next business day.

26.     When Plaintiffs' counsel received another signed order, Plaintiffs' counsel at Deters Law was shocked. Judge Schweikert, through counsel, informed Deters Law that he was proceeding under R.C. 2701.03(D)(4).

27.     It is clear that Judge Schweikert made a mistake when he entered the adverse decisions. Trying to spin out of it, after eleven Affidavits of Disqualification, he then decides to invoke R.C. 2701.03(D)(4).

28.     There are now four affidavits filed by four separate Plaintiffs with the Clerk on March 5, 2018.

29.     R.C. 2701.03(D)(4) supposedly means that no matter what new facts and argument arise showing unequivocally the unconstitutional bias, partiality to bias, or prejudgment of a presiding judge in a case, he or she can keep ruling consistent with the bias and prejudgment. Therefore, this challenge is filed to stop Judge Schweikert from deciding matters while there are pending affidavits of disqualification.

19

30.    All of this just further reflects the bias, partiality to bias, or prejudgment Judge Schweikert with regard to the Plaintiffs Cases.

31.    Plaintiffs have a constitutional right under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to a fair trial of their cases before a fair tribunal that is free from unconstitutional bias, the partiality to bias, or prejudgment. This right and protection was and is clearly established under *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 887 (2009); and *Williams v. Pennsylvania*, 136 S.Ct. 1899, 1910 (2016) ("Due process entitles Terrance Williams to a proceeding in which he may present his case with assurance that no member of the court is predisposed to find against him.").

32.    A party's right to a fair trial before a fair tribunal that is free from unconstitutional bias or the partiality of bias as required by the Due Process Clause is violated with regard to Plaintiffs and the Plaintiffs Cases by R.C. 2701.03(D)(4). Regardless of the increasing quantum of evidence accumulating against Judge Schweikert demonstrating his unconstitutional bias, the partiality of bias, or prejudgment in the Plaintiffs Cases within second and subsequent Affidavits of Disqualification, filed pursuant to R.C. 2701.03(A) and (B), Plaintiffs have no protection from the damage and havoc caused by his continued presiding over the Plaintiffs Cases under subsection (D)(4) until such time as the Chief Justice sees fit to rule on the subsequent Affidavits of Disqualification.

33.    Significantly, Judge Schweikert is a conduit for the Chief Justice to interfere with the Plaintiffs Cases. Indeed, during his management and oversight of Plaintiffs' cases, Judge Schweikert admitted to counsel that he had received "Orders" from the Chief Justice. There were improper communications between Judge

Schweikert and the Chief Justice regarding the merits of these cases during which Plaintiffs' counsel was barred from participation.

34. At present, Plaintiffs face the threat of ongoing bias, the partiality to bias, and pre-judgment by and from Judge Schweikert and the Chief Justice in the Plaintiffs Cases.

35. Unless enjoined, all Defendants will apply and enforce R.C. 2701.03(D)(4) in all original writ of prohibition or other proceedings brought before the Ohio Supreme Court that involve claims of a judge acting beyond his or her jurisdiction because of unconstitutional bias, the partiality to bias, or prejudgment, as documented within more than one Affidavit of Disqualification, so that the biased judge will continue presiding over the underlying cases until such time as the Chief Justice, herself interested in Plaintiffs Cases, decides to rule on the subsequently-filed Affidavits of Disqualification, all in contravention of Plaintiffs' right under the Due Process Clause of entitlement to a fair trial before a fair tribunal.

36. The actions set forth herein have and continue to deprive Plaintiffs of their Fourteenth Amendment rights.

## COUNT I – VIOLATION OF FOURTEENTH AMENDMENT

### Part I – "Facial" Challenge

37. Plaintiffs incorporate by reference the preceding numbered paragraphs of their Complaint as if fully set forth herein.

38. The Section One of Fourteenth Amendment of the United States Constitution provides, in pertinent part, that ". . . nor shall any State deprive any person of life, liberty, or property, without due process of law. . . ."

39. Each of the Plaintiffs is a citizen of the United States of America.

40. Plaintiffs, and each of them, have clearly established rights and protections under the United States Constitution as to Due Process of Law and other Fourteenth Amendment guarantees. The axiom "no man can be a judge in his own case" is fundamental to the guaranty to Due Process. The axiom will have little substance if unconstitutionally biased judge is permitted under subsection (D)(4) to continue presiding over cases when two or more Affidavits of Disqualification are duly filed but not ruled upon because of the preexisting interest of the Chief Justice. The guarantee of Due Process requires that a judge who is the subject of two or more duly-filed Affidavits of Disqualification be deprived of any authority to preside in the proceeding until the Chief Justice, or her delegate, rules on the Affidavits – in a the manner extended to an initial Affidavit of Disqualification pursuant to R.C. 2701.03(D)(1). Consequently, R.C. 2701.03(D)(1) does not pass constitutional muster under the Due Process Clause.

41. A substantial number of instances exist in which R.C. 2701.03(D)(1) cannot be applied constitutionally. These include instances where the Chief Justice and the other Justices, using their respective offices and acting under color of state law, apply and enforce R.C. 2701.03(D)(1) in original writ of prohibition proceedings by denying the writ to enjoin a judge who is biased, has a partiality to bias, or has prejudgment, as demonstrated within two or more Affidavits of Disqualification, from continuing to preside over the underlying proceeding -- in contravention of Plaintiffs' Due Process rights, which have been deprived, are being depriving, and will deprive them of their right to a fair trial before a fair tribunal guaranteed to them under the Fourteenth Amendment of the United States Constitution – rights that are clearly established. Defendants thereby subjected themselves under 42 U.S.C. §1983 to prospective injunctive relief and declaratory relief under 28 U.S.C. §§2201, *et seq.*

22

42.     Plaintiffs seek declaratory relief, and prospective injunctive relief under 42 U.S.C. §1983 and 28 U.S.C. §§2201, *et seq.*, to declare section (D)(4) of R.C. 2701.03 unconstitutional.  Plaintiffs likewise seek a permanent injunction enjoining the application or enforcement of R.C. 2701.03(D)(4) in proceedings involving Affidavits of Disqualification, including Judge Schweikert's presiding over the Plaintiffs Cases and his present and future issuance of decisions in those Cases.  Plaintiffs further seek their costs and reasonable attorney fees under 42 U.S.C. §1988, if applicable.

**Part II – "As Applied" Challenge**

43.     Plaintiffs incorporate by reference the preceding numbered paragraphs of their Complaint as if fully set forth herein.

44.     Each of the Plaintiffs is a citizen of the United States of America.

45.     Plaintiffs, and each of them, have clearly established rights and protections under the United States Constitution as to Due Process of Law and other Fourteenth Amendment guarantees.  The axiom will have little substance if unconstitutionally biased judge is permitted under subsection (D)(4) to continue presiding over cases when two or more Affidavits of Disqualification are duly filed but not ruled upon because of the preexisting interest of the Chief Justice.  The guarantee of Due Process requires that a judge who is the subject of two or more duly-filed Affidavits of Disqualification be deprived of any authority to preside in the proceeding until the Chief Justice, or her delegate, rules on the Affidavits – in a manner extended to an initial Affidavit of Disqualification pursuant to R.C. 2701.03(D)(1).  Consequently, R.C. 2701.03(D)(1) does not pass constitutional muster under the Due Process Clause.

46.     Judge Schweikert, using his office and acting under color of state law, will continue entering decisions in Plaintiffs Cases in which two or more Affidavits of

Disqualification are pending against him. Notwithstanding Judge Schweikert's demonstrable unconstitutional bias, partiality to bias, or prejudgment of these cases against plaintiffs, R.C. 2701.03(D)(4) may permit him to continue entering decisions as the presiding judge in contravention of Plaintiffs' Due Process rights, which have been deprived, are being deprived, and will deprive them of their right to a fair trial before a fair tribunal guaranteed to them under the Fourteenth Amendment of the United States Constitution – rights that are clearly established. Judge Schweikert thereby subjected himself under 42 U.S.C. §1983 to prospective injunctive relief and declaratory relief under 28 U.S.C. §§2201, *et seq.*

47.    The Chief Justice, using her office and acting under color of state law, will continue either delaying or not ruling on the various Affidavits of Disqualification pending against Judge Schweikert pursuant to R.C. 2701.03(D)(4) and (E) thereby enabling him to continue: (i) presiding over the Plaintiffs Cases and other cases in which Dr. Durrani, CAST, and the hospital and other surgical centers are defendants, and (ii) entering decisions adverse to these plaintiffs because of his bias, partiality to bias, and prejudgment against them. She would not have these powers to direct the consequences of Judge Schweikert's decisions in the Plaintiffs Cases if he lacked jurisdiction to render them as provided within R.C. 2701.03(D)(1). These scheme of using the unconstitutional R.C. 2701.03(D)(4) between the Chief Justice and Judge Schweikert contravenes Plaintiffs' Due Process rights, which have been deprived, are being deprived, and will deprive them of their right to a fair trial before a fair tribunal guaranteed to them under the Fourteenth Amendment of the United States Constitution – rights that are clearly established. The Chief Justice thereby subjected herself under

42 U.S.C. §1983 to prospective injunctive relief and declaratory relief under 28 U.S.C. §§2201, *et seq.*

48.     Judge Schweikert and the Chief Justice abused the authorities of their offices and, while acting under color of state law, and with knowledge of Plaintiffs' rights, entered and/or caused to be entered decisions in the Plaintiffs Cases adverse to Plaintiffs based upon bias, partiality to bias, or prejudgment. This was possible by the unconstitutional R.C. 2701.03(D)(4) which permitted Judge Schweikert to remain the presiding judge during the pendency of the processing of the Affidavits of Disqualification. This unconstitutional procedure is highly likely to occur in other cases involving Dr. Durrani, CAST, and the hospital and surgical centers. To guarantee and protect Plaintiffs' right to a fair trial before a fair tribunal free from unconstitutional bias, the partiality of bias, or prejudgment, as required by the Due Process Clause, the safeguards at R.C. 2701.03(D)(1) pertaining to an initial Affidavit of Disqualification must be applied to proceedings involving subsequent Affidavits of Disqualification.

49.     As applied and enforced, R.C. 2701.03(D)(4) deprives Plaintiffs of the right to a fair trial before a fair tribunal free from unconstitutional bias, the partiality of bias, or prejudgment, in contravention of Plaintiffs' right to Due Process.

50.     Plaintiffs seek declaratory relief, and prospective injunctive relief under 42 U.S.C. §1983 and 28 U.S.C. §§2201, *et seq.*, to declare R.C. 2701.03(D)(4) unconstitutional as applied to the second and subsequent Affidavits of Disqualification pertaining to a judge in underlying litigation or appeals. Plaintiffs likewise seek a permanent injunction enjoining the application or enforcement of R.C. 2701.03(D)(4) with regard to the second and subsequent Affidavits of Disqualification in a proceeding in the absence of a provision depriving the judge at issue with authority to preside over

the underlying case until such time as the Chief Justice decides the Affidavits under R.C. 2701.03(E). Plaintiffs further seek their costs and reasonable attorney fees under 42 U.S.C. §1988, if applicable.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment against the Chief Justice, the Justices, and Judge Schweikert as prayed for, including:

A.    That this Court issue a declaration that R.C. 2701.03(D)(4) is unconstitutional on their face for contravening the Due Process Clause because of the presence of bias, partiality to bias, or prejudgment in the Plaintiffs Cases arising from Judge Schweikert's continued presiding over them during the pendency of various Affidavits of Disqualification;

B.    That this Court issue a declaration that R.C. 2701.03(D)(4) is unconstitutional as applied in contravention of rights and protections afforded to Plaintiffs under the Due Process Clause;

C.    That this Court enter a temporary restraining order and/or a preliminary injunction to enjoin the application and enforcement of R.C. 2701.03(D)(4) on an as-applied or facial basis, pending a trial on the merits;

D.    That this Court award permanent injunctive relief, prohibiting any application and enforcement of R.C. 2701.03(D)(4) where a judge is the subject of two or more pending Affidavits of Disqualification in the same cases over which he is presiding;

E.    That Plaintiffs be awarded their costs in this action, including reasonable attorney fees under 42 U.S.C. §1988, if applicable; and

F.  For such other and further relief to Plaintiffs as this Court shall deem just and proper.

Respectfully submitted,

/s/ Frederick Johnson
Frederick Johnson (#0083071)
The Deters Law Firm
5247 Madison Pike
Independence, KY 41051
(859) 363-1900
(859) 363-1444 (fax)

*Counsel for Plaintiffs*

27

## **VERIFICATION**

I, Frederick Johnson, hereby verify the facts contained in this Verified Complaint.

Frederick Johnson

COMMONWEALTH OF KENTUCKY )
) SS:
COUNTY OF KENTON )

Signed and sworn to before me, a notary public for the Commonwealth and County aforesaid on this __7 day of March 2018, by Frederick Johnson as his own free and voluntary act and deed.

Notary Public
Commonwealth-at-Large
ID # _548409_

My commission expires: _3/14/2020_

CHARLES RUSSELL HOLBROOK
Notary Public - State At Large
My Commission Expires
March 14, 2020

## EXHIBIT A

| DURRANI CLIENT | CASE NO. |
|---|---|
| 1. Aaron, Frieda | A1706463 |
| 2. Adams, Patricia | A1506958 |
| 3. Agee, Michelle | A1506571 |
| 4. Allen, Jimmy | A1402537 |
| 5. Allen, Katrina | A1700327 |
| 6. Allen, Sherri Lynn | A1706403 |
| 7. Applegate, Rebecca | A1706553 |
| 8. Arnold, Brad | A1504450 |
| 9. Arnold, George | A1706465 |
| 10. Ashcraft, Diana | A1706445 |
| 11. Atkins, Brian | A1706414 |
| 12. Atwell, Jonathan | A1706489 |
| 13. Augst, Thomas | A1506042 |
| 14. Ayres, Amanda | A1400578 |
| 15. Ayres, Amanda- Christ | A1502990 |
| 16. Bachmann, Gayle | A1506044 |
| 17. Bailey, Caidan | A1700298 |
| 18. Baker, Paul | A1504464 |
| 19. Baker, Nicole | A1706365 |
| 20. Ballinger, Jennifer | A1706480 |
| 21. Bartlett, Cindy | A1706599 |
| 22. Batsche, Laura | A1706512 |
| 23. Battista, Nicholas | A1706540 |
| 24. Baumgardner, Joseph | A1700289 |
| 25. Bayliss, Steven as Executor of the Estate of Louise Bayliss | A1602538 |
| 26. Beavan, Michelle | A1505423 |
| 27. Bechtold, Phyllis | A1706549 |
| 28. Beck, Judy | A1706494 |
| 29. Beckelhimer, Troy | A1404075 |
| 30. Begley, Nancy | A1706537 |
| 31. Beil, Cathy | A1302781 |
| 32. Beil, Terry | A1706579 |
| 33. Bender, Mackenzie | A1506577 |
| 34. Benge, Denise | A1504447 |
| 35. Benge, Nicholas | A1504454 |
| 36. Benjamin, Antoinette | A1600764 |
| 37. Benton, Shawnda | A1503378 |
| 38. Benton, William | A1706594 |

**EXHIBIT A**

| | |
|---|---|
| 39. Bess, Denise | A1706442 |
| 40. Beyer, Leona | A1706604 |
| 41. Billing, Trey | A1403074 |
| 42. Bishop, Edythe | A1506609 |
| 43. Bode, Anthony | A1402942 |
| 44. Boggs, Paul, as Administrator of the Estate of Barbara Boggs | A1506302 |
| 45. Boggs, Kaitlyn | A1700307 |
| 46. Boggs, Kaitlyn- Children's | A1700333 |
| 47. Hawks, Stephanie, as Executrix of the Estate of Nancy Boland | A1706538 |
| 48. Bookman, Jennifer | A1706481 |
| 49. Boone, Patricia | A1706541 |
| 50. Borchers, Deena | A1706440 |
| 51. Botner, Doris | A1302782 |
| 52. Botner, Gerald | A1706602 |
| 53. Bowling, Arletta | A1601973 |
| 54. Bowman, Nancy | A1706608 |
| 55. Brackett, Penny | A1706548 |
| 56. Bradshaw, Latoya | A1601544 |
| 57. Brashear, Christina | A1506959 |
| 58. Braucher, Melissa | A1506956 |
| 59. Bray, Dominique | A1700315 |
| 60. Bray, Lindsey | A1706515 |
| 61. Breitenstein, Rebecca | A1306847 |
| 62. Brewer, Randal | A1706552 |
| 63. Brice, Sharon | A1706570 |
| 64. James, Melvin, as Administrator of the Estate of Carrie Britten | A1706528 |
| 65. Brophy, Michael | A1504460 |
| 66. Brorein, Richard, as Executor of the Estate of Eileen Brorein | A1706556 |
| 67. Brown, James | A1706472 |
| 68. Lozier, Richard, as Executor of the Estate Patricia Bruce | A1706557 |
| 69. Brunner, Jonathan | A1706490 |
| 70. Burton, Kayla | A1505678 |
| 71. Buschur, Vicki | A1706590 |
| 72. Bushelman, Kathleen | A1700306 |
| 73. Buskirk, Annette | A1600234 |
| 74. Butler, Brenda | A1403489 |

**EXHIBIT A**

| | |
|---|---|
| 75. Byar, Michele | A1706532 |
| 76. Callahan, Douglas | A1706452 |
| 77. Calligan, Patrick | A1401182 |
| 78. Campbell, Jan | A1505625 |
| 79. Campbell, Robert | A1506574 |
| 80. Carr, Andrew | A1505422 |
| 81. Chhun, Bunnavuth | A1706417 |
| 82. Chisman, Tonya | A1706586 |
| 83. Clark, Chris | A1302874 |
| 84. Cochran, Jessica | A1706482 |
| 85. Collins, John | A1504451 |
| 86. Compo, Elizabeth | A1706458 |
| 87. Conger, David | A1700310 |
| 88. Conger, Kenneth | A1505424 |
| 89. Conley, Brenda | A1706412 |
| 90. Conley, Dana | A1706427 |
| 91. Cook, Michael | A1700311 |
| 92. Coots, Gary | A1706464 |
| 93. Cotter, Jacob | A1406929 |
| 94. Couch, Sandra, Administratrix of the Estate of Jackie Couch | A1706567 |
| 95. Courtney, Eric | A1307859 |
| 96. Crail, Michael | A1706529 |
| 97. Crissinger, Karen | A1400584 |
| 98. Crissinger, Karen- Christ | A1502865 |
| 99. Crowe, Joi | A1700300 |
| 100. Crowe, Forrest and Carrie, Individually and on behalf of their Minor Daughter, K.C. | A1505776 |
| 101. Cullins, Joy | A1700283 |
| 102. Curley, Kathryn | A1400583 |
| 103. Dabney, William | A1706595 |
| 104. McCaughey, Christopher, as Administrator of the Estate of Margaret Dailey | A1504459 |
| 105. Dale, Tammy | A1706577 |
| 106. Davis, Joseph | A1506163 |
| 107. Davis, Nellie | A1706539 |
| 108. Dawson, Ralph | A1706550 |
| 109. Deaton, Ollie | A1700313 |
| 110. Deaton, Stefanie | A1506166 |
| 111. Deck, Damon | A1506307 |

**EXHIBIT A**

| | |
|---|---|
| 112. Dennis, Sandra | A1601537 |
| 113. Densler, Robert | A1706561 |
| 114. Dority, Kristine | A1700305 |
| 115. Dotson, Carolyn | A1706418 |
| 116. Doyle, Deborah | A1505421 |
| 117. Drafts, Douglas | A1706453 |
| 118. Dugan, Patrick | A1706542 |
| 119. Dugger, Billy | A1706411 |
| 120. Dunklin, Dawn | A1706434 |
| 121. Durham, Jacob | A1403361 |
| 122. Earls, Darrell | A1706431 |
| 123. Eder, Mona | A1601568 |
| 124. Elfers, Kevin | A1706507 |
| 125. McClure, Barbara, as Executrix of the Estate of Robert Ellington | A1706407 |
| 126. McClure, Barbara, as Executrix of the Estate of Connie McClure-Ellington | A1506608 |
| 127. Elliott, Richard | A1504466 |
| 128. Errgang, Brenda | A1706413 |
| 129. Esselman, Tracy | A1503652 |
| 130. Fait, Arlene | A1506606 |
| 131. Bates, Kimberly, as Administratrix of the Estate of Tony Falkner | A1706408 |
| 132. Favaron, Linda, as Executrix of the Estate of Neil Favaron | A1506607 |
| 133. Feltner, Jacob | A1503379 |
| 134. Feltner, Karen | A1503650 |
| 135. Finnell, Caela | A1706389 |
| 136. Fite, Troy | A1505426 |
| 137. Ford, Shamyia | A1402763 |
| 138. Ford, Francine | A1706462 |
| 139. Fossett, Lennie | A1706513 |
| 140. Franks, Amanda | A1706406 |
| 141. Frazier, Joann | A1706484 |
| 142. Freeman, Julie | A1504131 |
| 143. Gardner, Judith | A1706493 |
| 144. Geralds, Christine | A1700303 |
| 145. Gilbert, Erma Jean | A1706460 |
| 146. Goldstein, Christina | A1700299 |
| 147. Good, Donna | A1706449 |

**EXHIBIT A**

| | |
|---|---|
| 148. Graber, Greg | A1603347 |
| 149. Grabow, Maurice | A1706526 |
| 150. Greelish, Erin | A1601539 |
| 151. Greene, Gloria | A1706467 |
| 152. Gregory, Robbie | A1706560 |
| 153. Griessman, Carla | A1504132 |
| 154. Griffin, Susan | A1706575 |
| 155. Grimm, Jenny | A1506165 |
| 156. Habermehl, Melissa | A1706527 |
| 157. Haggard, Lenora | A1706514 |
| 158. Halbert, Taura, Individually and on Behalf of her Son, Paris Halbert | A1504448 |
| 159. Haley, Lynn | A1706520 |
| 160. Hall, Alyssa | A1505430 |
| 161. Hall, David, Administrator of the Estate of Lisa Hall | A1706516 |
| 162. Hall, Ruhama | A1706617 |
| 163. Hamilton, William | A1505427 |
| 164. Hamilton, Samantha | A1706393 |
| 165. Hamilton, Dorothea | A1706451 |
| 166. Hammons, Courtney | A1706426 |
| 167. Handorf, Ryan | A1706379 |
| 168. Hannon, Timothy | A1706583 |
| 169. Hartman, Adam | A1504465 |
| 170. Hartness, Kevin | A1602538 |
| 171. Hastings, Jessica | A1505972 |
| 172. Hatfield, Wayne | A1706592 |
| 173. Hayes, Douglas, Executor of the Estate of William Hayes | A1706454 |
| 174. Haynes, Emily | A1505433 |
| 175. Healy, Minuet | A1403757 |
| 176. Powers, Leslie, Administrator of the Estate of Heather Heffner | A1700281 |
| 177. Powers, Leslie, Administrator of the Estate of Heather Heffner- Children's Case | A1700326 |
| 178. Helton, Denise | A1706368 |
| 179. Helton, Evelyn | A1706461 |
| 180. Henderson, Debra | A1706439 |
| 181. Hennessy, Kelly | A1601546 |
| 182. Hensley, Barbara | A1503355 |
| 183. Hensley, Ryan | A1700316 |

**EXHIBIT A**

| | |
|---|---|
| 184. Herbert, Emily | A1500563 |
| 185. Hersley, Kathy | A1700288 |
| 186. Higginbothan, Karen | A1706495 |
| 187. Hightchew, Alissa | A1306915 |
| 188. Hillard, Michael | A1706530 |
| 189. Hitchcock, Dirk | A1706447 |
| 190. Hoffman, Celeste | A1506961 |
| 191. Hon, Loretta | A1706519 |
| 192. Hortman, Chelsea | A1706421 |
| 193. Houghton, Robert II | A1504133 |
| 194. Hounchell, Ricky | A1706558 |
| 195. Hounchell, Rita | A1706559 |
| 196. Howell, Kathryn | A1706500 |
| 197. Hughes, Tammy | A1506960 |
| 198. Gerbus, Mary, as Administratrix of the Estate of Lois Hughes | A1706525 |
| 199. Hunley, Kevin | A1503649 |
| 200. Hursong, Carolyn | A1602538 |
| 201. Huser, David, as Executor of the Estate of Connie Huser | A1706432 |
| 202. Hutton, Martha | A1505050 |
| 203. Hyde, Irene | A1706471 |
| 204. Ieraci, Elsa | A1706459 |
| 205. Janson, Tracy | A1505049 |
| 206. Jenkins, Kimberly | A1706508 |
| 207. Jobe, Stephanie | A1601540 |
| 208. Johnson, Amber | A1403174 |
| 209. Johnson, Chelsea | A1700294 |
| 210. Johnson, Karen | A1505624 |
| 211. Johnson, Roger | A1700329 |
| 212. Jonas, Sara | A1504134 |
| 213. Jones, Rachel | A1601422 |
| 214. Jones, Tammy | A1506164 |
| 215. Jones, Joan | A1706486 |
| 216. Judkins, Jacqueline | A1506306 |
| 217. Judkins, Jacqueline, as Administratrix of the Estate of Phyllis Judkins | A1700332 |
| 218. McCaughey, Christopher, as Administrator of the Estate of Sarah Juergens | A1602538 |
| 219. Holley, Cathy, Administratrix of the Estate of Linda Kallmeyer-Ward | A1602538 |

**EXHIBIT A**

| | |
|---|---|
| 220. Kauffman, Joshua | A1503668 |
| 221. Kauffman, Katelyn | A1602538 |
| 222. Keplinger, Michelle | A1706607 |
| 223. Kibler, Martha | A1706524 |
| 224. Kidd, Deborah | A1706616 |
| 225. King, Charlotte | A1706420 |
| 226. Knauer, Maggie, as Administrator of the Estate of Christopher Knauer | A1504787 |
| 227. Knauer, Maggie | A1504130 |
| 228. Koch, Amanda | A1602538 |
| 229. Koehler, Rose | A1504135 |
| 230. Koehler, Shannon | A1700297 |
| 231. Koelblin, Mike | A1506160 |
| 232. Kopp, Valarie | A1706589 |
| 233. Krabacher, Sheila Pogue | A1601533 |
| 234. Krech, Larry | A1706511 |
| 235. Lacinak, Brandon | A1400586 |
| 236. Lainhart, Natasha (Dressman) | A1700296 |
| 237. Langford, Maurine and Lyndon, Individually and Behalf of Minor Son, N.L. | A1307857 |
| 238. Lantry, Tom | A1706372 |
| 239. Legendre, Patricia | A1505510 |
| 240. Leger, Karen | A1706496 |
| 241. Leisring, Beth | A1504457 |
| 242. Lemmel, Sandra | A1706568 |
| 243. Levan, Ailene | A1706405 |
| 244. Lilly, Adrian | A1504446 |
| 245. List, Derek | A1503024 |
| 246. List, Lynne | A1505509 |
| 247. Little, Tammie | A1706576 |
| 248. Lovette, Tamala | A1706404 |
| 249. Mains, Vicky | A1600432 |
| 250. Mains, Rhonda | A1706555 |
| 251. Mains, Shirley | A1706573 |
| 252. Mann, Tammy | A1302870 |
| 253. Marcheschi, Jack | A1308383 |
| 254. Martin, Stacy John | A1700309 |
| 255. Martin, Marsha | A1706523 |
| 256. Masters, Robert | A1700295 |
| 257. Mathews, Traci | A1706587 |

**EXHIBIT A**

| | |
|---|---|
| 258. Mathis, Brandon | A1307861 |
| 259. Mauntel, Donald, on behalf of his minor daughter M.M. | A1706377 |
| 260. Mayer, Kimberly | A1706509 |
| 261. Mayfield, Derek | A1706443 |
| 262. McCain, James | A1706474 |
| 263. McCall, Jenna | A1706391 |
| 264. McCann, Heather | A1506572 |
| 265. McClendon, Kyra | A1506695 |
| 266. Fletcher, Stacy, as Executrix of the Estate of Jeffrey McClure | A1706478 |
| 267. McDonald, Kevin | A1401890 |
| 268. McDonald, Marcella | A1706521 |
| 269. McKenney, Grant | A1504462 |
| 270. McKinney, Candi | A1700308 |
| 271. McKnight, Tyler | A1503669 |
| 272. McMillen, Teresa | A1706578 |
| 273. McMurren, Mark | A1706606 |
| 274. McNeal, Kameron | A1503653 |
| 275. McNeal, Kerry | A1700328 |
| 276. McQueary, Tonia | A1506957 |
| 277. Meadows, Tiffany | A1706582 |
| 278. Merland, Dawn | A1503354 |
| 279. Messerschmidt, Tiffany | A1505432 |
| 280. Metcalf, Randall | A1706551 |
| 281. Meyer, Diane | A1706446 |
| 282. Meyers, Thomas | A1706581 |
| 283. Middendorf, Lyndsey | A1506649 |
| 284. Miller, Karen | A1706497 |
| 285. Miller, Ryan | A1706566 |
| 286. Mink, Samantha | A1401893 |
| 287. Moffitt, Vera | A1601543 |
| 288. Moore, Stephanie | A1505431 |
| 289. Moore, Tim | A1706371 |
| 290. Moore, Billie | A1706410 |
| 291. Moore, Debbie | TBD |
| 292. Moore, Donald | A1706448 |
| 293. Moore, Robert | A1706563 |
| 294. Mounce, Robert | A1700301 |
| 295. Mueller, Sarra | A1302875 |

**EXHIBIT A**

| | |
|---|---|
| 296. Myers, Jennifer | A1505971 |
| 297. Nafe, Joetta | A1706488 |
| 298. Neal, Tonya | A1706394 |
| 299. Nelson, Charles | A1402760 |
| 300. Newman, Marjorie | A1601535 |
| 301. Nichols, Teresa | A1601569 |
| 302. Nisbett, Rahman | A1503128 |
| 303. Noble, Michelle | A1506041 |
| 304. Nyemba, Ruvimbo | A1602538 |
| 305. Oberlander, Wendy | A1706593 |
| 306. Odulana, Michael | A1505419 |
| 307. Osborn, Timothy | A1706612 |
| 308. Owens, Dannie Mae | A1706429 |
| 309. Payne, Haley | A1706468 |
| 310. Peddicord, Jeff | A1706479 |
| 311. Pelfrey, Duane | A1706470 |
| 312. Pennington, Angela | A1503651 |
| 313. Pfetsch, Nancy, as Executrix of the Estate of Kenneth Pfetsch | A1706505 |
| 314. Phillips, Clarence | A1706425 |
| 315. Pickett, Heather | A1307306 |
| 316. Pickett, Heather- Children's | A1505428 |
| 317. Potts, Jeff | A1206877 |
| 318. Powell, Antoine | A1505434 |
| 319. Prater, Katie | A1601534 |
| 320. Schuster, Heather, as Executrix of the Estate of Lawrence Pridemore | A1506576 |
| 321. Pritchard, Tom, as Administrator of the Estate of Sharon Pritchard | A1706571 |
| 322. Puckett-Morrissette, Sherri | A1601536 |
| 323. Pummell, Carol | A1700287 |
| 324. Pumpelly, James | A1706473 |
| 325. Emerson, Misty, as Administrator of the Estate of Marcia Quinn | A1706536 |
| 326. Radeke, Sandra | A1706569 |
| 327. Radenheimer, Margaret | A1706522 |
| 328. Ravenscraft, Mary | A1506161 |
| 329. Ray, Todd | A1506573 |
| 330. Redrow, Samantha | A1504456 |
| 331. Reed, Mark | A1506490 |

# EXHIBIT A

| | |
|---|---|
| 332. Reed, Danielle | A1706428 |
| 333. Fenner, Jean, Executor of the Estate of Jane Reeder | A1706492 |
| 334. Reeves, Valerie | A1706588 |
| 335. Reifenberger, Holly | A1604027 |
| 336. Remley, Jeffrey | A1706477 |
| 337. Reynolds, Derrill | A1706444 |
| 338. Reynolds, Harry | A1706469 |
| 339. Reynolds, Kent II | A1706506 |
| 340. Reynolds, Lisa | A1706517 |
| 341. Ribariu, Jordan | A1603343 |
| 342. Richardson, John | A1601542 |
| 343. Riley, Jason | A1706475 |
| 344. Rister, Gordon, as Administrator of the Estate of Donna Rister | A1706450 |
| 345. Roark, Deborah | A1601421 |
| 346. Robbinson-Woods, Theresa | A1505872 |
| 347. Robinson, Kelly | A1706502 |
| 348. Rodriguez, Debbie | A1601532 |
| 349. Romer, Jason | A1706603 |
| 350. Rose, Dorothy | A1506696 |
| 351. Worley, Deborah, as Executrix of the Estate of Fay Rosebery | A1700331 |
| 352. Roundtree, Sandra | A1603341 |
| 353. Rowley, Ronald | A1602538 |
| 354. Carmen, Stephen, as Administrator of the Estate of Kathrynn Rueve | A1706574 |
| 355. Runtz, Robert | A1706562 |
| 356. Rutter, Christina and Joe, Individually and on Behalf of Minor Son, C.R. | A1402941 |
| 357. Sand, Mike | A1506694 |
| 358. Scheper, Chris | A1706423 |
| 359. Schiller, Robin | A1706564 |
| 360. Schimmel, Joseph | A1706491 |
| 361. Schmidt, Kim | A1600109 |
| 362. Schmit, Kevin | A1400009 |
| 363. Schmit, Patrick | A1506162 |
| 364. Schock, Susan | A1700291 |
| 365. Schultz, Steven Andrew | A1506861 |
| 366. Schulze, Timothy | A1706584 |
| 367. Schuster, Ronald | A1506303 |

**EXHIBIT A**

| | |
|---|---|
| 368. Scott, Rhonda | A1601541 |
| 369. Scott, Delores | A1706441 |
| 370. Scully, Ali | A1504452 |
| 371. Sears, Ruthie | A1403488 |
| 372. Setters, Dana | A1506570 |
| 373. Shafer, Glenna | A1706466 |
| 374. Shannon, Asia | A1403365 |
| 375. Shepherd, Charlann | A1504455 |
| 376. Shott, Patricia, as Executrix of the Estate of Gregory Shott | A1502144 |
| 377. Sizemore, Michelle | A1706533 |
| 378. Slayback, Heather | A1504453 |
| 379. Warren, Haley, as Administrator of the Estate of Crystal Slone | A1706402 |
| 380. Smallwood, Donna | A1706600 |
| 381. Smith, Donald | A1700302 |
| 382. Smith, David | A1706433 |
| 383. Smoote, Orris | A1504461 |
| 384. Snider, David | A1700285 |
| 385. Spangenberg, Sherrie | A1700317 |
| 386. Spivy, Billy | A1602538 |
| 387. Stallings, Eddie | A1706456 |
| 388. Fisher, David, as Administrator of the Estate of Michelle Stephens | A1706534 |
| 389. Stephenson, Patrick | A1706544 |
| 390. Stigall, Deon Jr. | A1501742 |
| 391. Stratman, Sierra | A1305127 |
| 392. Tackett, Ryan | A1505420 |
| 393. Tanner, Ryan | A1506304 |
| 394. Taylor, Alex | A1402940 |
| 395. Taylor, Karen | A1706498 |
| 396. Thaeler, Ben | A1504449 |
| 397. Thien, Brian | A1706415 |
| 398. Thiessen, Edward | A1706457 |
| 399. Thomas, Adrienne | A1700304 |
| 400. Underwood, Connie | A1700312 |
| 401. Underwood, Kimberly | A1706510 |
| 402. Upchurch, Jacklen | A1700290 |
| 403. Vance, Jordan | A1506575 |
| 404. Wallace, Shannon | A1505425 |

**EXHIBIT A**

| | |
|---|---|
| 405. Wallace, Vicki | A1504458 |
| 406. Walls, Katherine | A1506955 |
| 407. Walsh, Lindsay | A1403490 |
| 408. Walsh, Tracey | A1700286 |
| 409. Walters, Michelle | A1706535 |
| 410. Ward, Helen | A1402762 |
| 411. Watkins, Michael | A1706531 |
| 412. Waxler, Elaine | A1706601 |
| 413. Webber, Daniel | A1403644 |
| 414. Weber, Cathleen | A1504463 |
| 415. Webster, Brandon | A1505429 |
| 416. Weisbecker, Laura | A1506223 |
| 417. Weisman, Kirstin | A1706392 |
| 418. Wesley, Regina | A1706554 |
| 419. Whalen, Timothy | A1706585 |
| 420. Whalen, Violet | A1706591 |
| 421. Wheeler, Lonnie | A1706518 |
| 422. White, Sophia | A1600232 |
| 423. Wilder, Joseph, as Administrator of the Estate of Tamathy Wilder | A1706611 |
| 424. Wilder, Troy | A1706613 |
| 425. Williams, Benjamin | A1706409 |
| 426. Williams, Kelly | A1706504 |
| 427. Willoughby, Patrick | A1706543 |
| 428. Wilson, Alisa, Individually and on Behalf on her Minor Son, J.W. | A1505775 |
| 429. Wilson, Robert | A1506860 |
| 430. Wilson, Terry | A1600233 |
| 431. Wilson, Vicky | A1601538 |
| 432. Wilson, Carol | A1706419 |
| 433. Wilson, Jetton | A1706483 |
| 434. Wilson, Paula | A1706545 |
| 435. Wilson, Paul | A1706547 |
| 436. Wingert, Dawn | A1706436 |
| 437. Wittmeyer, Priscilla | A1706609 |
| 438. Wolder, Bill | A1700292 |
| 439. Wolsing, Billy | A1506693 |
| 440. Wooten, Carla | A1601545 |
| 441. Work, Amber | A1706597 |
| 442. Worley, Deborah | A1706438 |

**EXHIBIT A**

| | |
|---|---|
| 443. Wright, Cory | A1402534 |
| 444. Wright, Ron, as Executor of the Estate of Leah Wright | A1706565 |
| 445. Wyatt, Cheryl | A1505970 |
| 446. Yeakle, Veronica | A1600235 |
| 447. Young, Evelyn | A1502866 |
| 448. Young, Joann | A1706485 |
| 449. Young, Judy | A1406361 |
| 450. Young, Keith | A1706501 |
| 451. Zachry, Corrine | A1600762 |
| 452. Zureick, Mary | A1400581 |
| 453. Zymslo, Hannah | A1506305 |